IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL L. FITZHUGH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-25-01114-JD |
| ) | |
| OKLAHOMA CITY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Magistrate Judge Amanda Maxfield's Report and Recommendation filed on October 2, 2025 [Doc. No. 5] recommending that Plaintiff Darryl L. Fitzhugh's Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2] be denied. Judge Maxfield advised Mr. Fitzhugh of his right to file an objection to the Report and Recommendation with the Clerk of Court by October 23, 2025, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 5 at 2]. *See also* 28 U.S.C. § 636. The objection deadline was later extended to November 7, 2025. *See* [Doc. No. 7].

The record reflects that Mr. Fitzhugh did not file an objection to the Report and Recommendation by the deadline or request a further extension of time to do so. Although there has been some returned mail,[1] the docket reflects that the Court mailed

---

[1] First, the order reassigning case [Doc. No. 3] was mailed to two addresses: 14 NE 67 St, Oklahoma City, Oklahoma 73105 ("67 Street Address"), and 3819 N.

the Report and Recommendation on October 2, 2025. Regardless, Mr. Fitzhugh is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C) (providing that "service is complete upon mailing" to person's last known address); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").[2] Thus, the Report and Recommendation was "deemed delivered" and "service [was] complete" to Plaintiffs upon the Court's mailing on October 2, 2025.

---

Geraldine Ave. #31, Oklahoma City, Oklahoma 73112 ("Geraldine Address"). It was returned from the Geraldine Address only. *See* [Doc. No. 8]. Second, the order on the motion to postpone, which was construed as seeking an extension of time to object to the Report and Recommendation and was otherwise denied [Doc. No. 7] was mailed to both addresses and was returned from the Geraldine Address only. *See* [Doc. No. 9]. Third, the recusal order by Judge Russell [Doc. No. 10] was mailed to both addresses and was returned from the Geraldine Address only. *See* [Doc. No. 11]. Finally, the order reassigning case to the undersigned judge [Doc. No. 12] was returned from the Geraldine Address. *See* [Doc. No. 13].

   The Report and Recommendation [Doc. No. 5] was mailed only to the 67 Street Address and was not returned to sender. As noted in the Report and Recommendation, Mr. Fitzhugh cannot represent a corporate entity. The Court will issue a separate show cause order to address this deficiency. *See* LCvR17.1 ("Parties who are not natural persons may not appear *pro se*."). All parties, whether proceeding *pro se* or through counsel, are bound to follow the same rules and requirements.

   [2] A court-only note on December 12, 2025, by the Clerk's Office reflects that Plaintiff called and stated "they never received" a copy of the Report and Recommendation and requested it be mailed to the 67 Street Address. This is the same address to which the Report and Recommendation was mailed on October 2, 2025.

2

Mr. Fitzhugh has waived any objection to the Report and Recommendation by not timely filing an objection. Alternatively, to the extent Plaintiffs have not waived an objection and the Court is required to conduct a *de novo* review, the Court has reviewed the Report and Recommendation *de novo* and concludes it should be adopted in full and Mr. Fitzhugh's motion [Doc. No. 2] should be denied.

The Court therefore **ACCEPTS** the Report and Recommendation [Doc. No. 5] in its entirety and **DENIES** Plaintiff Darryl L. Fitzhugh's Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2]. The Court **ORDERS** Plaintiffs to pay the full civil action filing fee of $405.00 to the Clerk of Court within 21 days of this Order, or by **Monday, January 5, 2026**, or this action will be dismissed without prejudice, without further warning or opportunity to cure by the Court. *See* LCvR3.3(e).

IT IS SO ORDERED this 15th day of December 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE