## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DARRYL L.  FITZHUGH,
DL FITZHUGH CORPORATION,    )
    )
    )
    Plaintiffs,    )
    )    Case No. 5:25-cv-01114-JD
vs.    )
    )
OKLAHOMA CITY POLICE    )
DEPARTMENT, ET AL.    )
    )
    Defendants.    )

## ANDROID INDUSTRIES, LLC'S,
## MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW, Android Industries, LLC ("Android"), by and through its counsel, and hereby moves this Court to dismiss Plaintiff Darryl L. Fitzhugh ("Fitzhugh") and DL Fitzhugh Corporation[1] ("Corporation") (collectively "Plaintiffs") Complaint for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. R. 12 (b)(2), and alternatively for failure to give fair notice pursuant to Fed. Ru. Civ. P. 8, and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. R. 12 (b)(6). In support thereof, Android states as follows:[2]

---

[1] The Court ordered on January 16, 2026, that DL Fitzhugh Corporation had 30 days to hire counsel, and failure to do so would result in dismissal as to DL Fitzhugh Corporation. As of the filing of this pleading, there is no record of counsel appearing. However, as the matter remains pending, Android makes this filing.

[2] Android does not waive any dispute to jurisdiction by filing this Motion and Brief in Support.

## INTRODUCTION

### *Prior Lawsuits*

Plaintiffs first brought suit against Android and various other named defendants on August 15, 2024, See Case No. 5:24-cv-00845-JD (the "First Lawsuit"). In the First Lawsuit, the Court ordered Plaintiff Fitzhugh to show cause why the case should not be dismissed for lack of subject matter jurisdiction because the Complaint failed to sufficiently allege that subject-matter jurisdiction existed. [Dkt. No. 11]. Plaintiff Fitzhugh failed to comply with the Court's Order and the matter was dismissed without prejudice on October 28, 2024. [Dkt. No. 25 and No. 26]. In the First Lawsuit, it was difficult to determine what claims were being made against Android, however, it appeared as the claims related to various issues with Google Maps, a T-Mobile cellular phone, Fitzhugh's Facebook, and numerous other online accounts, including emails and 'hacking," and that Android was somehow involved.[3]

On March 18, 2025, Plaintiff Fitzhugh filed against Android, as well as Google Trust Services LLC, Meta Platforms, Inc., and Oklahoma County Detention Center. See 5:25-cv-00326-R (the "Second Lawsuit"). Plaintiff was ordered to show cause as to why he did not timely serve the named defendants. [Dkt. No. 16]. Fitzhugh failed to show cause and the matter was dismissed without prejudice on August 1, 2025. [Dkt. No. 17 and No. 18]. The Complaint in the Second Lawsuit makes allegations that the police were "hacking

---

[3] Android filed a Motion to Dismiss in the First Lawsuit claiming mistaken identity, as will also be argued in the present matter.

all [Fitzhugh's] devices/phones." [Dkt. No. 1]. It appears as though Fitzhugh, as with the First Lawsuit, confused Android's identity with that of the android phone.

### *Current Lawsuit*

This matter was filed on September 25, 2025. It is difficult to ascertain from the Complaint what the Plaintiffs' specific allegations are toward Android, or even what the specific causes of actions are generally; however, it would appear, again, Plaintiff is asserting Android is responsible for software and platform issues that are causing the Plaintiffs to be attacked, and are therefore "directly liable for [Mr. Fitzhugh's] pain and suffering." [Dkt. No. 1, p.11]. Plaintiff Fitzhugh specifically states, "android industries is on this complaint Because all the manipulation with my devices is Because the software comes preinstalled on android products." [Dkt. No. 1, p.12]. Confusingly, though, Plaintiff Fitzhugh also states that when he purchased his iPhone in November, iPhone showed the "hacker codes on [his] accounts." [Dkt. No. p. 12]. It is unclear if Plaintiff Fitzhugh is asserting that android or iPhone was involved in the alleged hacking.

Nevertheless, although Android shares the name of an "android phone," it is in fact an assembler of automotive modules and a manufacturing innovator of tooling and equipment for vehicle production.[4] (See Exhibit 1: Affidavit of Jennifer Neumann). Android does not supply or perform work for Google, T-Mobile, Meta Platforms, Inc., or any of the other named defendants. Android is not in the business of cellular phones and has no connection to the Plaintiff or any of the statements made in the Complaint. *Id*. Additionally, Android is a

---

[4] See [Our Company | Automotive Assembly & Supply Chain | Android Industries](#), (last accessed February 25, 2026).

Delaware-based limited liability company registered in Delaware and maintains its principal place of business in Michigan. Android is not located in nor does it conduct business in Oklahoma. *Id.*

## ARGUMENT AND AUTHORITIES

I.   **THE WRONG PARTY HAS BEEN SUED AND ANDROID SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1).**

The Complaint appears to relate to issues with various electronic services, including apps, email providers, and Fitzhugh's phone. Plaintiffs' have also sued Google Trust Services, Meta Platforms, Inc., *inter alia*. Plaintiff has made no statements or allegations that relate to Android's actual business, i.e., automobile assembly and manufacturing.

It appears that this is a misidentification by Plaintiffs. Given they have sued, or have detailed concerns related to, various phones and internet operations, most certainly Plaintiffs were intending to sue the manufacturer (or company) related to his device, i.e., his android phone. An android phone is a phone with the android mobile operating system for mobile devices (which is what 'android' is when in connection with phones). *Android (operating system)*, wikipedia.com, https://en.wikipedia.org/wiki/Android_(operating_system) (last visited Feb. 25, 2026). The mobile phone system about which Plaintiff complains is not Android, the automobile industry manufacturer.

Android was incorrectly and mistakenly named, assumedly due to confusion with an "android" mobile device. Therefore, for the reasons set forth, Plaintiff's Complaint must be dismissed as to Android Industries, LLC, pursuant to Fed. R. Civ. P. 12(b)(1).

II.    **THIS COURT LACKS JURISDICTION OVER MISTAKENLY IDENTIFIED
DEFENDANT ANDROID INDUSTRIES, LLC, PURSUANT TO FED. R. CIV.
P. 12(b)(2).**

"[T]he threshold question in every federal case," is whether the court has the power

to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). On a motion to dismiss for

lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the

burden of establishing that personal jurisdiction is proper with respect to each defendant

and must "make a prima facie showing" that jurisdiction exists." *Mittal Well Tech, LLC v.

Pro. Well Servs., Inc.*, No. CIV-08-697-D, 2008 WL 5205329, at *2 (W.D. Okla. Dec. 11,

2008) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions,* 205 F .3d 1244, 1247 (10th

Cir.2000)); *Kuenzle v. HTM Sport–Und Freizeitgerate AG,* 102 F.3d 453, 456 (10th

Cir.1996); *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir.1995). Separate

jurisdictional inquiries must be made as to each defendant, as "the [minimum contacts]

requirements of *International Shoe* must be met as to each defendant over whom a state

court exercises jurisdiction.") *Rush v. Savchuk,* 444 U.S. 320, 332 (1980) (internal citation

marks omitted). To establish personal jurisdiction over Android, Plaintiff bears the burden

of demonstrating Android has "sufficient minimum contacts with Oklahoma." *Magnesium

Mach., LLC v. Terves LLC*, No. CIV-21-1115-PRW, 2022 WL 16641839, at *4 (W.D.

Okla. Nov. 2, 2022).

The 10th Circuit has established that when evaluating personal jurisdiction over a

defendant "in a federal question case, 'the court must determine (1) whether the applicable

statute potentially confers jurisdiction by authorizing service of process on the defendant

and (2) whether the exercise of jurisdiction comports with due process.'" *Hark'n Techs.,*

*Inc. v. Orange Whip Fitness X, LLC*, No. 1:21-CV-00054-CMR, 2022 WL 3370637, at *2 (D. Utah Aug. 16, 2022), quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). The due process inquiry "requires that a defendant be haled into court in a forum State based on its own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *cf. Ginavan*, 2019 WL 3526361, at * 2 (citing *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011)) ("As a general matter, due process protects a defendant from a judgment issued by a court in an unfamiliar forum."). Thus, "[t]he analysis under the Due Process Clause requires 'minimum contacts' between the nonresident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 291–92. Moreover, "[a] court may exercise general jurisdiction over an out-of-state defendant where the defendant's contacts with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Wagoner v. Towne*, No. CIV-18-821-G, 2019 WL 440586, at *2 (W.D. Okla. Feb. 4, 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Jurisdiction may also be established "if a 'defendant has "purposefully directed" his activities at residents of the forum ... *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Mittal Well Tech, LLC v. Pro. Well Servs., Inc.,* No. CIV-08-697-D, 2008 WL 5205329, at *2 (W.D.

Okla. Dec. 11, 2008) (citing *Kuenzle,* 102 F.3d at 455 quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472 (1985), emphasis added in *Kuenzle*)).

In the present matter, Android is a Delaware-based company doing business in Michigan. Android does not employ employees in Oklahoma and has no assets in Oklahoma. Android therefore does not have "continuous and systematic" contacts in Oklahoma nor has it "purposefully availed" itself to Oklahoma and thus does not satisfy the requirement of minimum contacts. Further, Plaintiff has not asserted any facts to establish that Android has any contacts in Oklahoma, nor any contacts that are so continuous and systematic to warrant this Court having personal jurisdiction.

The Court must accept uncontroverted factual allegations as true and resolve all factual disputes in Plaintiff's favor. *Mandeville v. Crowley*, No. CIV-16-762-D, 2016 WL 7009107, at * (W.D. Okla. Nov. 30, 2016), *aff'd*, 695 F. App'x 357 (10th Cir. 2017) (citing *Employers Mut. Cas Co*. v. *Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004); *Intercon, Inc., v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In this instance, however, there are no factual disputes which would favor Plaintiff, since no allegations as to Android's contacts with the state have even been asserted. Therefore, for the foregoing reasons, this Court lacks jurisdiction over the mistakenly identified and named Android.

**III.    ALTERNATIVELY, THIS COURT SHOULD DISMISS THIS CASE AGAINST ANDROID AS PLAINTIFFS' FAIL TO GIVE FAIR NOTICE AS TO THE ALLEGATIONS MADE PURSUANT TO FED. R CIV. P. 8 AND FAILS TO STATE A CLAIM UPON WHICH CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6).**
**A.  Fed R. Civ. P. 8.**

Fed. R. Civ. P. 8(a)(1) sets forth that a pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support" while Fed. R Civ. P. 8(a)(2) further provides that a pleading must also set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the Petition, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan*., 891 F.2d 1473, 1480 (10th Cir. 1989) (quotation omitted).

While it is not clear from the Complaint, the case docket provides that this case was filed under federal question jurisdiction. The Complaint is entirely devoid of any statement as to why this Court has jurisdiction over Android pursuant to 28 U.S.C. 1331. The Complaint is likewise devoid of specific allegations against Android except to say that Android phones are preinstalled with software that manipulates Plaintiff Fitzhugh's devices [Dkt. No. 1, p. 12]. In apparent support for this allegation, Plaintiffs attach privacy reports from Fitzhugh's iPhone that state "Google and other google[sic] sites are the primary attacker of [Fitzhugh's] accounts." [Dkt. No. 1, p. 12]. From the text of the

Complaint, Android cannot determine what causes of action Plaintiffs are bringing against it, or even if Plaintiffs are assigning liability to Android, to Google, or to iPhone, or if Plaintiff believes Defendant Android and iPhone are one in the same. Because the Complaint is not clear on its face, it fails to meet the fair notice requirement of Rule 8 and should therefore be dismissed.

### B. Fed R. Civ. P. 12(b)(6).

When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Ind. Nat'l Bank*, 1994 OK 98, ¶3, 880 P.2d 371. Nevertheless, it is well-established that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. 544, 555; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Further, "if a defendant asserts by motion that the petition fails to state a claim upon which relief may be granted and tenders for consideration materials *dehors* the pleadings, summary judgment procedure must be utilized."[5] *Norman v. Trison Dev. Corp.*, 1992 OK 67, 832 P.2d 6, 8.

---

[5] A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S. § 2056(c). "To prevail as the moving party on a motion for summary adjudication, one who defends against a claim by another must either (a) establish that there is no genuine issue of fact as to at least one essential component of the plaintiff's theory of recovery or (b) prove each essential element of an affirmative defense, showing in either case that, as a matter of law, the plaintiff has no viable cause of action." *Akin v. Missouri Pac. R. Co.*, 1998 OK 102, 977 P.2d 1040, 1044. "Once a defendant has introduced evidentiary materials to establish these elements, the plaintiff then has the burden of showing that

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) held that a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Although the court did not specifically define what it meant by the term "plausible," it did state that facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the U.S. Supreme Court clarified the "plausible" concept expressed in *Twombly*, holding that in order to be "plausible on its face," so as to withstand a motion to dismiss, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged (citing *Twombly*, emphasis added). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

However, in this case, "[e]ven when taken "as true and in the light most favorable to the non-moving party," Plaintiff's Complaint "does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 567). The only allegation that can be garnered from the Complaint against Android is that "android industries is on this complaint Because all the manipulation with my devices is Because the software comes preinstalled on android products." [Dkt. No. 1, p.12]. The Complaint then goes on to discuss how hackers

---

evidence is available which justifies a trial of the issue." *Pardee v. Pers. Representative for Estate of Pardee*, 2005 OK CIV APP 27, 112 P.3d 308, 312 (internal citation omitted).

are making attacks due to Fitzhugh's iPhone that he purchased in November. *Id.* From this, there are no plausible facts on the face of the Complaint to establish a right to relief that is more than mere speculation. From the Complaint, it appears that Plaintiffs have an issue with iPhone, not Android.

As a result, and notwithstanding that Android believes it was named because it shares a name with a cellular phone device, Android is unable to ascertain why it would be named in this matter, what causes of action are brought against it, and is further unable to provide defenses to unknown, not identifiable, claims. Instead, the Complaint includes a narrative of Plaintiff Fitzhugh being in jail, actions taken by his wife, in addition to the Oklahoma City police causing life-threatening attacks on Fitzhugh and interfering with his business. Further, because the Complaint fails to comport with Fed. R. Civ. P 10(b), requiring a party to state its claims in numbered paragraphs, limited to a single set of circumstances, Android is unable to provide an answer.

Respectfully submitted,

/s/Meagon R. Eagon
Kaylee Davis-Maddy, OBA No. 31534
Meagon R. Eagon, OBA No. 33165
Doerner, Saunders, Daniel & Anderson, LLP
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Office Phone: (405) 319-3513
Fax: (405) 319-3534
Email:  kmaddy@dsda.com
        meagon@dsda.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically transmitted the foregoing

document to the Clerk of Court using the ECF System and that a true and correct copy of

the foregoing document was sent on February 26, 2026 by first class mail to the following:

Darryl L. Fitzhugh, pro se
14 NE 67th St
Oklahoma City, OK 73105
405-500-8086
mrdarryllscorp@outlook.com

DL Fitzhugh Corporation, pro se
14 NE 67th St
Oklahoma City, OK 73105

/s/Meagon R. Eagon
Meagon R. Eagon