IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DARRYL L. FITZHUGH, et al.,

   Plaintiffs,

v.

OKLAHOMA CITY POLICE
DEPARTMENT, et al.,

   Defendants.

Case No. CIV-25-01114-JD

# DEFENDANT META PLATFORMS, INC.'S
# MOTION TO DISMISS AND BRIEF IN SUPPORT

Amy M. Stipe, OBA No. 18361
Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
Telephone (405) 235-5500
Facsimile  (405) 235-2875
astipe@gablelaw.com
gdemilio@gablelaw.com

*Attorneys for Defendant
Meta Platforms, Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. BACKGROUND ................................................................................................................. 3
III. ARGUMENT ...................................................................................................................... 5
    A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims ........ 5
        1. Plaintiff Has Not and Cannot Establish Diversity Jurisdiction......... 5
        2. Plaintiff Has Not and Cannot Establish Federal Question Jurisdiction ................................................................................... 7
    B. This Court Lacks Personal Jurisdiction Over Meta. ................................... 8
        1. Meta Is Not Subject to General Personal Jurisdiction in Oklahoma. ............................................................................................. 8
        2. Meta Is Not Subject to Specific Personal Jurisdiction in Oklahoma. ........................................................................................... 10
    C. The Complaint Fails to Comply With Rule 8 ........................................... 12
    D. Amendment Would Be Futile .................................................................... 13
IV. CONCLUSION ................................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdelsamed v. United States*,
  13 F. App'x 883 (10th Cir. 2001) ................................................................................. 13

*ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*,
  146 F.4th 1296 (10th Cir. 2025) ..................................................................................... 6

*Alexander v. Hill-Kearse*,
  No. 26-cv-0040, 2026 WL 208625 (N.D. Okla. Jan. 27, 2026) .................................... 7

*Anderson v. AHS Hillcrest Med. Ctr.*,
  No. 19-cv-468, 2021 WL 3519280 (N.D. Okla. Aug. 10, 2021) ................................... 9

*Benton v. Cameco Corp.*,
  375 F.3d 1070 (10th Cir. 2004) ................................................................................... 12

*Caterpillar Inc v. Williams*,
  482 U.S. 386 (1987) ....................................................................................................... 7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................. 9, 11

*Dutcher v. Matheson*,
  733 F.3d 980 (10th Cir. 2013) ....................................................................................... 6

*Fitzhugh v. Google Trust Services LLC, et al.*,
  No. 24-cv-845-JD (W.D. Okla.) ................................................................................ 4, 5

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
  463 U.S. 1 (1983) ........................................................................................................... 7

*Georgalis v. Facebook, Inc.*,
  324 F. Supp. 3d 955 (N.D. Ohio 2018) ........................................................................ 10

*Gohier v. Enright*,
  186 F.3d 1216 (10th Cir. 1999) ................................................................................... 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ....................................................................................................... 9

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ................................................................................................... 11

*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*,
    175 F.3d 848 (10th Cir. 1999) ................................................................................... 13

*Johnson v. Johnson*,
    No. 25-cv-861, 2025 WL 2466983 (W.D. Okla. Aug. 26, 2025) ............................... 13

*Lincoln Prop. Co. v. Roche*,
    546 U.S. 81 (2005) ....................................................................................................... 6

*Long v. Meta Platforms, Inc.*,
    No. 25-cv-181, 2025 WL 3454212 (E.D. Okla. Sept. 11, 2025) ..................... 10, 12, 14

*Long v. Meta Platforms, Inc.*,
    No. 25-cv-181, 2026 WL 147818 (E.D. Okla. Jan. 20, 2026) ............................... 8, 10

*Martinez v. U.S. Olympic Comm.*,
    802 F.2d 1275 (10th Cir. 1986) ................................................................................... 8

*McNamara v. Brauchler*,
    570 F. App'x 741 (10th Cir. 2014) ............................................................................. 13

*Merida Delgado v. Gonzales*,
    428 F.3d 916 (10th Cir. 2005) ..................................................................................... 5

*Montoya v. Chao*,
    296 F.3d 952 (10th Cir. 2002) ..................................................................................... 5

*Montoya v. Colony*,
    No. 25-1217, 2025 WL 2402148 (10th Cir. Aug. 19, 2025) ....................................... 12

*Moor v. Alameda County*,
    411 U.S. 693 (1973) ..................................................................................................... 7

*Morris v. City of Hobart*,
    39 F.3d 1105 (10th Cir. 1994) ..................................................................................... 7

*Northumberland Cnty. Retirement Sys. v. Kenworthy*,
    No. 11-cv-520, 2013 WL 5230000 (W.D. Okla. Sept. 16, 2013) ................................. 9

*Penteco Corp. v. Union Gas Sys., Inc.*,
    929 F.2d 1519 (10th Cir. 1991) ................................................................................... 5

*Phelps v. Dairyland Car Ins.*,
   No. 24-cv-00671, 2024 WL 847920 (N.D. Cal. Feb. 28, 2024) ................................... 7

*Ralls v. Facebook*,
   221 F. Supp. 3d 1237 (W.D. Wash. 2016) ................................................................. 12

*Romero v. Meta Platforms, Inc.*,
   No. 7:23-cv-3306, 2024 WL 1554826 (D.S.C. Mar. 14, 2024), *report & recommendation adopted*, 2024 WL 3466403 (D.S.C. Jul. 19, 2024) ........................ 10

*Shrader v. Biddinger*,
   633 F.3d 1235 (10th Cir. 2011) ...................................................................... 8, 10, 11

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................................... 10

*Wells v. Facebook Inc.*,
   No. 19-cv-2379, 2019 WL 6894681 (D. Kan. Dec. 18, 2019) ................................... 10

*Wright v. Holmes*,
   No. 25-cv-1497, 2026 WL 243219 (W.D. Okla. Jan. 29, 2026) .................................. 8

*XMission, L.C. v. Fluent LLC*,
   955 F.3d 833 (10th Cir. 2020) ................................................................................... 11

**Statutes**

28 U.S.C. § 1331 .................................................................................................................. 7

28 U.S.C. § 1332(c)(1) ........................................................................................................ 6

Fed. R. Civ. P. 8 ....................................................................................................... 2, 12, 13

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 2, 5, 8

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2, 13

**DEFENDANT META PLATFORMS, INC.'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Meta Platforms, Inc. ("Meta") moves to dismiss the Complaint (ECF No. 1) because: (1) the Court lacks subject matter jurisdiction over this matter; (2) the Court lacks personal jurisdiction over Meta; and (3) the Complaint fails to state a claim upon which relief may be granted.

I.      **INTRODUCTION**

*Pro se* Plaintiff Daryl Fitzhugh ("Plaintiff"), along with DL Fitzhugh Corporation, bring this action against the Oklahoma City Police Department, Oklahoma County Board of Commissioners, Google Trust Services LLC, and Meta. Although the allegations in the Complaint are difficult to parse, the thrust appears to be that the Oklahoma City Police Department "destroyed [Plaintiff's] business in the early 2000s, and are now using the other defendants to attack [his] basic way of living and threatening [his] life." Compl. at 6. More specifically, the Complaint appears to allege that "Google and the other defendants" allowed the Oklahoma City Police Department to use their "name, platforms, and softwares [sic]" to "attack" certain of Plaintiff's unspecified online accounts while "trick[ing]" Plaintiff into believing that the attacks were committed by third parties unaffiliated with the police department. Compl. at 8. As a result of these alleged actions, Plaintiff seeks $500 million in compensatory damages. Compl. at 6. The Complaint, however, makes no plausible factual allegations to support these sweeping claims. Moreover, the Complaint makes virtually no allegations whatsoever regarding Meta or its role in this alleged scheme. In short, Plaintiff has not identified with any semblance of specificity what theory of

1

liability he is pursuing or what wrongful act Meta is alleged to have committed. Even read liberally, it is clear that the Complaint fails for numerous reasons and should be dismissed without leave to amend.

*First*, the Complaint should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction. Two of the Defendants—the Oklahoma City Police Department and the Oklahoma County Board of Commissioners—are citizens of Oklahoma, which is also the state of Plaintiffs' citizenship. Thus, Plaintiff cannot invoke diversity jurisdiction here, and the Complaint raises no question of federal law that would provide a basis for federal question jurisdiction.

*Second*, Plaintiff's claims against Meta should be dismissed for the additional reason that the Court lacks personal jurisdiction over non-resident Meta. This Court lacks general jurisdiction because Meta is a Delaware corporation with its principal place of business in California. There is also no basis for specific jurisdiction because Plaintiff has not alleged (nor could he) that Meta had any contacts with Oklahoma related to the conduct alleged here.

*Third*, even if Plaintiff could overcome these threshold deficiencies, the Complaint fails to state a claim for relief and thus must be dismissed under Rule 12(b)(6). The Complaint fails to comply with Rule 8 because it fails to allege any specific cause of action or provide Meta with fair notice of the claims Plaintiff is asserting against it. As amendment would be futile, the Court should dismiss the Complaint with prejudice.

## II.     BACKGROUND

Meta operates Facebook, an online service that enables users to create accounts to connect, discover, and communicate with friends, family, and communities.

On September 25, 2025, *pro se* Plaintiffs Darryl Fitzhugh and DL Fitzhugh Corporation[1] filed a Complaint against the Oklahoma City Police Department, the Oklahoma County Board of Commissioners, Google Trust Services LLC, and Meta. The disparate allegations in the seven-page handwritten complaint are difficult to parse. With respect to the Oklahoma County Board of Commissioners, the Complaint appears to make allegations relating to Plaintiff's purported mistreatment while in custody at the Oklahoma County Detention Center. *See* Compl. at 7 ("[T]he Oklahoma County Detention Center attacked me with weaponized medication, and got me assaulted 3 times . . . ."). With respect to the Oklahoma City Police Department, the Complaint appears to allege that they "intentionally destroy[ed]" his "legal and in good standing gentleman's club . . . before [Plaintiff] went to prison the first time." Compl. at 9–10.

With respect to Meta, the Complaint alleges almost nothing. The Complaint mentions Meta by name only a handful of times and does not allege any specific conduct that Meta purportedly took with respect to Plaintiff. Instead, the Complaint appears to

---

[1] On January 2, 2026, the Court ordered Plaintiffs to show cause why DL Fitzhugh Corporation should not be dismissed for failure to comply with the Local Civil Rules and for lack of proper representation of a corporate entity. ECF No. 18. In response to the order to show cause, Plaintiff requested "more time to find a lawyer to handle this case" as to DL Fitzhugh Corporation. ECF No. 26. On January 16, 2026, the Court granted Plaintiff an extension of 30 days to hire counsel to appear on DL Fitzhugh Corporation's behalf. ECF No. 30. As of the date of this filing, no appearance of counsel has been entered for DL Fitzhugh Corporation.

allege that "Google and the other defendants" allowed certain members of the Oklahoma City Police Department to "attack" certain of Plaintiff's accounts while "trick[ing]" Plaintiff into believing that the "attacks" were committed by other, unknown individuals. Compl. at 8 ("Google and the other defendants help, and allow whoever to use their name, platforms, and softwares [sic] to feloniously make scenarios, and trick me into believing that these are the people tampering with my accounts and threatening my life."); *see also* Compl. at 10–11 ("I was thinking individual[s] were using the defendants' platform and software to stage the attack. But I knew it was the police when my calls to 911 were blocked and I wasn't arrested when I brandished a knife at a Kesey's gas station to call the police."). The Complaint makes only one substantive allegation that mentions Meta or its services by name—the conclusory and confusing allegation that "Facebook still trys [sic] to hack my accounts even though I don't go to Facebook." Compl. at 11–12.

The Complaint does not allege any specific cause of action against any of the Defendants but seeks $500 million for purported "pain and suffering" resulting from "vicious and ongoing assaults, and damages for the business could have had if they hadn't destroyed my club in the early 2000s." Compl. at 6.

This is Plaintiff's second lawsuit against Meta. In August 2024, Plaintiff filed an action in this Court against Google Trust Services, Meta, Android Industries, LLC, and Microsoft Corporation. *See Fitzhugh v. Google Trust Services LLC, et al.*, No. 24-cv-845-JD (W.D. Okla.). Similar to the allegations in the present action, Plaintiff's prior lawsuit alleged that the defendants "allowed companies to use and access their internet software and technology," who then "hacked private and personal photos, data and info for resale."

4

*See id*. ECF No. 1 at 5. On October 4, 2024, the Court issued an order to show cause why Plaintiff's complaint should not be dismissed for lack of subject-matter jurisdiction because, with respect to the two LLC defendants, the Complaint did not identify where the unincorporated entities' members are citizens. *See id*. at ECF No. 11. Plaintiff did not respond to the order to show cause and, on October 28, 2024, the Court dismissed Plaintiff's complaint without prejudice. *See id.* at ECF No. 25.

### III. ARGUMENT

#### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

As a threshold matter, this Court lacks subject matter jurisdiction over this action, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for that reason alone.

The burden rests on the plaintiff to allege facts demonstrating the presence of federal subject matter jurisdiction. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Because federal courts are courts of limited jurisdiction, "there is a presumption against [federal court] jurisdiction." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

##### 1. Plaintiff Has Not and Cannot Establish Diversity Jurisdiction

Although Plaintiff alleges "diversity of citizenship" as the basis of federal subject matter jurisdiction, *see* Compl. at 5, this purported basis is directly contradicted by the face of the Complaint, which fails to allege complete diversity of citizenship between all

plaintiffs and all defendants.

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). As the Supreme Court has explained, to satisfy the diversity of citizenship requirement, there must be "complete diversity between all named plaintiffs and all named defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025).

Here, Plaintiff cannot invoke diversity jurisdiction because there is not complete diversity between Plaintiffs and Defendants. Plaintiff alleges that he and Plaintiff DL Fitzhugh Corporation are both citizens of the state of Oklahoma. Compl. at 5. He also alleges that two Defendants—the Oklahoma City Police Department and the Oklahoma County Board of Commissioners—are both citizens of Oklahoma. *See* Compl. at 4 (alleging that these Defendants are "incorporated in" and have their "principal place of business" in Oklahoma).[2] Accordingly, Plaintiff has failed to allege diversity jurisdiction.

---

[2] Although the Complaint makes allegations regarding the state of incorporation and principal place of business of the Oklahoma City Police Department and the Oklahoma County Board of Commissioners, these Defendants are not corporations and, as such, their citizenship is not determined by these factors. *See* 28 U.S.C. § 1332(c)(1). Nevertheless, these Defendants are plainly citizens of Oklahoma for purposes of diversity jurisdiction. *See, e.g., Moor v. Alameda County*, 411 U.S. 693 (1973) (holding that municipal subdivisions of a state are citizens of that state for diversity jurisdiction purposes); *Phelps v. Dairyland Car Ins.*, No. 24-cv-00671, 2024 WL 847920, at *2 (N.D. Cal. Feb. 28, 2024) (finding that two local California police departments are citizens of California for purposes of diversity jurisdiction).

*See, e.g., Alexander v. Hill-Kearse*, No. 26-cv-0040, 2026 WL 208625, at *1 (N.D. Okla. Jan. 27, 2026) (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to "allege that complete diversity of citizenship exists among the parties").

### 2. Plaintiff Has Not and Cannot Establish Federal Question Jurisdiction

Likewise, the Complaint fails to offer any basis for federal question jurisdiction. Federal question jurisdiction exists when a plaintiff's claims arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Specifically, a case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc v. Williams*, 482 U.S. 386, 392 (1987). Thus, it is the litigant's burden to identify "the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Here, Plaintiff's Complaint does not provide any basis for federal question jurisdiction. In the "Basis for Jurisdiction" section of the form complaint, Plaintiff did not check the "federal question" box. Compl. at 5. Moreover, the Complaint does not assert

7

any specific cause of action, let alone one under federal law, nor does the Complaint refer to any federal statute or other provision of federal law. Accordingly, Plaintiff has not alleged any basis for federal question jurisdiction, and the Complaint should be dismissed under Rule 12(b)(1). *See, e.g., Wright v. Holmes*, No. 25-cv-1497, 2026 WL 243219, at *3 (W.D. Okla. Jan. 29, 2026) (dismissing the plaintiff's complaint for lack of subject matter jurisdiction where "no federal question appears on the face of Plaintiff's [complaint]").

### B.  This Court Lacks Personal Jurisdiction Over Meta.

The claims against Meta should be dismissed for the additional, independent reason that the Court lacks personal jurisdiction over Meta. *See Long v. Meta Platforms, Inc.*, No. 25-cv-181, 2026 WL 147818, at *1 (E.D. Okla. Jan. 20, 2026) (finding Meta "is not subject to general [or] specific jurisdiction in Oklahoma"). "The plaintiff bears the burden of establishing personal jurisdiction" and must make a "prima facie showing" that personal jurisdiction exists. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). Oklahoma's long-arm statute allows the exercise of personal jurisdiction over non-resident defendants coextensive with constitutional due process. *Id.* The Complaint, however, fails to allege any facts that support either general or specific jurisdiction over Meta.

#### 1.  Meta Is Not Subject to General Personal Jurisdiction in Oklahoma.

First, there is no basis for the exercise of personal jurisdiction over Meta in Oklahoma. General jurisdiction exists when a defendant's contacts with a forum are so "continuous and systematic" as to render the defendant "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A

corporation is generally considered "at home" only in the states where it is incorporated and where it maintains a principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citing *Goodyear*, 564 U.S. at 924). Meta is thus not subject to general jurisdiction in Oklahoma because it is a Delaware corporation with its principal place of business in California.[3]

Moreover, Plaintiff does not allege that Meta has *any* connection with Oklahoma, let alone any contacts sufficient to render Meta "at home" in Oklahoma. Nor could Plaintiff demonstrate general jurisdiction by alleging merely that Meta's online services are available in Oklahoma. *See, e.g., Shrader*, 633 F.3d at 1241 ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction . . . simply because it can be accessed by residents of the forum state."). Many courts have found that they could not exercise general jurisdiction over Meta for this reason. *See Long v. Meta Platforms, Inc.*, No. 25-cv-181, 2025 WL 3454212, at *3 (E.D. Okla. Sept. 11, 2025) (finding no "exceptional circumstances exist such that [Meta] could be considered 'at home' in Oklahoma"), *report & recommendation adopted in relevant part*, No. 25-cv-181,

---

[3] *See* Meta Form 10-K, available at https://www.sec.gov/Archives/edgar/data/1326801/000132680125000017/meta-20241231.htm (listing Meta's state of incorporation as Delaware and principal place of business in Menlo Park, California). The Court may take judicial notice of Meta's publicly accessible 10-K form for purposes of Meta's state of incorporation and principal place of business. *See Northumberland Cnty. Retirement Sys. v. Kenworthy*, No. 11-cv-520, 2013 WL 5230000, at *11 (W.D. Okla. Sept. 16, 2013) (taking "judicial notice of the contents of SEC filings," including a Form 10-K); *see also Anderson v. AHS Hillcrest Med. Ctr.*, No. 19-cv-468, 2021 WL 3519280, at *5 n.3 (N.D. Okla. Aug. 10, 2021) (noting "[i]t is not uncommon for courts to take judicial notice of the content of a government agency's website"). The Complaint incorrectly alleges that Meta is "incorporated under laws of California." Compl. at 4.

2026 WL 147818 (E.D. Okla. Jan. 20, 2026); *see also Romero v. Meta Platforms, Inc.*, No. 7:23-cv-3306, 2024 WL 1554826, at *5-6 (D.S.C. Mar. 14, 2024) (collecting cases), *report & recommendation adopted*, 2024 WL 3466403 at *5 (D.S.C. Jul. 19, 2024) *aff'd*, No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024); *Wells v. Facebook Inc.*, No. 19-cv-2379, 2019 WL 6894681, at *4 (D. Kan. Dec. 18, 2019) (holding Facebook's accessibility in forum state "insufficient to establish general jurisdiction"); *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 960 (N.D. Ohio 2018) ("A nonresident corporation's maintenance of a 'website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.'") (citation omitted).

### 2. Meta Is Not Subject to Specific Personal Jurisdiction in Oklahoma.

Plaintiff also fails to allege any facts establishing specific personal jurisdiction over Meta. To establish specific jurisdiction, a plaintiff must allege that the defendant's "suit-related conduct . . . create[d] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Due process requires the non-resident defendant to "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). A state has specific jurisdiction over a defendant only where "(1) the out-of-state defendant purposefully directed its activities at residents of the forum State, and (2) the plaintiff's alleged injuries arise out of or relate to those activities." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). A forum resident's "unilateral activity" is insufficient to establish minimum

contacts. *Id.*; *see also Daimler*, 571 U.S. at 127 (to establish specific jurisdiction, the plaintiff's claims must "aris[e] out of or relate[] to the *defendant's* contacts with the forum" (emphasis added)).

A plaintiff's mere ability to access a defendant's website or online service in a forum is not a basis for specific jurisdiction. As courts in the Tenth Circuit and Oklahoma have held, the "maintenance of a web site does not . . . subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader*, 633 F.3d at 1235–37 (stressing that something "more" is required, like evidence a defendant "deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum").

Here, there is no basis for the exercise of specific jurisdiction over Meta because Plaintiff does not allege that Meta purposefully established contacts with Oklahoma, let alone that his claims arise out of or relate to any contact by Meta with Oklahoma. Indeed, the Complaint makes no allegations that Meta undertook any conduct at all, let alone directed conduct at Oklahoma. And Plaintiff's own connections to the forum state are not relevant to the personal jurisdiction analysis. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004) (specific personal jurisdiction requires allegations that "actions by the defendant himself . . . create a substantial connection with the forum state") (citation omitted). Courts around the country have found that a plaintiff's mere access to Meta's services does not warrant the exercise of specific jurisdiction. *See, e.g.*, *Long*, 2025 WL 3454212, at *4 ("Courts have routinely found Defendant's operation of social media

11

platforms in all fifty States insufficient to warrant a finding of personal jurisdiction."); *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1237 (W.D. Wash. 2016) (finding no personal jurisdiction over Facebook simply because a user avails himself of Facebook's services in the forum state).

Because Plaintiff has not established personal jurisdiction over Meta, the claims against Meta should be dismissed.

### C. The Complaint Fails to Comply With Rule 8

Even if this Court had subject matter jurisdiction *and* could exercise personal jurisdiction over Meta, Plaintiff's Complaint would still fail because it does not comply with Rule 8's requirement to "provide a short and plain statement of the claim." *Montoya v. Colony*, No. 25-1217, 2025 WL 2402148, at *1–2 (10th Cir. Aug. 19, 2025) (affirming dismissal of complaint for failure to comply with Rule 8 where "[t]he complaint's vagaries, its lack of specific claims for relief or recitation of facts makes it impossible to give fair notice of the basis of any claim without constructing arguments on [plaintiff's] behalf"); *see also Abdelsamed v. United States*, 13 F. App'x 883, 883–84 (10th Cir. 2001) ("Under Rule 12(b)(6), the district court can dismiss a complaint for noncompliance with" Rule 8).

Here, the Complaint does not assert any specific cause of action against Meta. Moreover, Meta is barely mentioned in the Complaint, with the only substantive allegation being that "Facebook still trys [sic] to hack my accounts even though I don't go to [F]acebook." Compl. at 11–12. In light of the complete lack of plausible factual allegations against Meta, as well as the Complaint's overall lack of coherence, the claims against Meta should be dismissed for failure to satisfy Rule 8's requirement to provide fair notice of the

12

basis of Plaintiff's claims. *See, e.g., McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.") (internal quotation marks omitted); *Johnson v. Johnson*, No. 25-cv-861, 2025 WL 2466983, at *2 (W.D. Okla. Aug. 26, 2025) (dismissing claim for failure to comply with Rule 8 because "Plaintiff fails to identify with any clarity the factual or legal bases for her claim(s)" and "fails to identify what conduct, if any" defendant "engaged in that would subject [them] to liability").

### D.    Amendment Would Be Futile

Leave to amend may be denied "where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). As set forth above, any amendment to the Complaint cannot cure the fact this Court cannot exercise personal jurisdiction over non-resident Meta. *See Long,* 2025 WL 3454212, at *5 (recommending dismissal of Meta for lack of personal jurisdiction without leave to amend: "Plaintiffs have not identified any allegations that would give this Court personal jurisdiction over Defendant and it does not appear to the Court based off of Plaintiffs claims that there exists a set of facts whereby the Court would have specific jurisdiction over Defendant."). Further, amendment would be futile here because Plaintiff cannot plead any facts that would cure the defects in his Complaint, such that any amended pleading would still fail to state a viable claim and "be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). As such, Plaintiffs' Complaint should be dismissed without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice and without leave to amend.

Dated: March 3, 2026

Respectfully submitted,

*/s/ Gerard M. D'Emilio*
Amy M. Stipe, OBA No. 18361
Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
Telephone (405) 235-5500
Facsimile (405) 235-2875
astipe@gablelaw.com
gdemilio@gablelaw.com

**Attorneys for Defendant Meta Platforms, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

I further certify that on March 3, 2026, an electronic copy of this document was emailed to the following *pro se* party, with a hard-copy sent by U.S. mail:

Darryl L. Fitzhugh
14 NE 67th Street
Oklahoma City, OK 73105
darryl.fitzhugh@outlook.com
MrDarrylLscorp@outlook.com

                                      */s/ Gerard M. D'Emilio*
                                      Gerard M. D'Emilio