IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL L. FITZHUGH )<br>Dl FITZHUGH CORPORATION )<br>   Plaintiffs, )<br> )<br> )<br>v. )<br> )<br>OKLAHOMA CITY POLICE DEPARTMENT, )<br>OKLAHOMA COUNTY BOARD Of COUNTY )<br>COMMISSIONERS, )<br>GOOGLE TRUST SERVICES, LLC, )<br>META PLATFORMS INC., )<br>ANDROID INDUSTRIES LLC )<br>   Defendants. ) | Case No. CIV-25-01114-JD |

## MOTION TO DISMISS DEFENDANT
## BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY
## WITH BRIEF IN SUPPORT

COMES NOW the Defendant Board of County Commissioners of Oklahoma County ("BOCC"), by and through counsel Yolanda Downing, and respectfully moves to dismiss this action under Federal Rules of Civil Procedures 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) for failure to state a claim upon which relief can be granted as a matter of law, and in support alleges the following:

### STATEMENT OF THE CASE

*Pro Se* Plaintiff filed a 28 U.S.C § 1332 Diversity of Citizenship Complaint on September 25, 2025, making various allegations against multiple defendants. In Plaintiff's Complaint he fails to assert any factual allegations to support a legally cognizable cause of

1

action against BOCC and therefore the Court should dismiss the Complaint in its entirety as it relates to BOCC.

Plaintiff failed to Serve the Defendant Board of County Commissioners of Oklahoma County (BOCC) with the Complaint within 90 days as required by Federal Rules of Civil Procedure. The Court granted Plaintiff additional time in which to serve the Defendant. Plaintiff failed to follow the Court's Order and serve Defendant BOCC within the additional time allotted therefore Plaintiff's Complaint as it relates to BOCC should be dismissed.

Plaintiff seeks monetary damages of $500 million against all Defendants. However, for reasons more fully set forth below, Plaintiff's claims must be dismissed against Defendant BOCC.

## ALLEGED FACTS[1]

Plaintiff alleges that the reason for the Complaint against the BOCC is because the Oklahoma County Detention Center attacked him with weaponized medication and got him assaulted 3 times by people that were named in the first 2 civil complaints filed when he thought it was individual hackers hacking his accounts and threatening him. [Doc. 1, p. 7] According to Plaintiff, six (6) of the people were in the receiving cell when he first arrived

---

[1] The Alleged Facts section is based on the factual allegations contained in Plaintiff's Complaint. Defendant BOCC disputes Plaintiff's claims, however for the limited purposes of this Motion, any well-plead factual allegations are accepted as true. The Court may disregard any legal conclusions when considering BOCC's Motion to Dismiss. *Colony In. Co. v. Burke,* 698 F.3d 1222, 1228 (10th Cir. 2012).

at the detention center, the police went and arrested them so they would be here where they brough him to the jail. [*Id.*]

Plaintiff stated he was put on different floors, in different cells with people named on the first two civil complaints. [*Id.*] He was given medication that gave him negative side effects which was "weaponizing," and he was found "incompetent" in court after being on the medication that he had been given for two months. [*Id.* at p.7- 8]. Additionally, Plaintiff alleged they infected his face with lactating pussing soars causing permanent damage and scars and his hand has pain because it was broken when he was attacked on the mental health floor. Further Plaintiff alleges he was refused medical attention or treatment and his important calls were tampered with. [*Id.* at p.8].

<u>**ARGUMENTS AND AUTHORITIES**</u>

<u>PROPOSITION I.</u>

<u>THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS CASE</u>

The Complaint should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction to hear this case. For a Federal Court to hear a diversity of citizenship case arising under 28 U.S.C § 1332, a party "must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. Partnership-1985A v Union Gas Sys., Inc.*, 929 F.2d 1519, 1521, (10th Cir.1991). "In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.'" *Dutcher v Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris,* 472 F.3d 754, 753 (10 Cir. 2006)). The

3

Courts have previously ruled that the citizenship of a partnership, limited liability company, or other unincorporated association is determined by the citizenship of each member of the entity. *Carden v. Arkoma Assocs.* 484 U.S. 185, 195-96 (1990); *see also Grynberg v Kinder Morgan Energy Partner,* 805 F.3d 901, 905-906 (10th Cir. 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co.,, 781*F. 3d 1233, 1237-38 (10th Cir. 2015).

Although Plaintiff has pled in his Complaint that the amount in controversy exceeds $75,000, he has failed to show that complete diversity of citizenship exists between the adverse parties as required by 28 U.S.C § 1332.  In fact, the Board of County Commissioners of Oklahoma County (BOCC) is an  entity created by the State Constitution of Oklahoma to represent the citizens of Oklahoma county which is also the state of Plaintiff's citizenship.  "[C]omplete diversity between all named plaintiffs and all named defendants." *Lincoln Prop. Co. v Roche,* 546 U.S. 81, 84 (2005). Additionally, Plaintiff has failed to show diversity of citizenship of each member of the other Defendants entities. Therefore, Plaintiff's complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

PROPOSITION II.

THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT AND PLAINTIFF'S COMPLAINT MUST DISMISSED PURSUANT TO RULE 12(B)(2) AND 12(B)(5) BASED UPON PLAINTIFF'S IMPROPER SERVICE OF SUMMONS.

Plaintiff filed his Complaint on September 25, 2025, and named Oklahoma County Board of Commissioners (BOCC) as a Defendant.  On January 2, 2026, the Court issued

an Order to Plaintiff to show cause why service had not been timely made upon Defendant. On January 13, 2026, Plaintiff requested that Summons be issued to Defendant. On January 16, the Court Ordered that Service be made on Defendant by February 17, 2026, or Plaintiff's case would be Dismissed without prejudice. Plaintiff waited until February 17, 2026, to place the Complaint in the U.S. mail to serve the Defendant. The Complaint thus did not reach the Defendant until February 19, 2026. *See* Attachment (Proof of Receipt of Summons).

The requirement that a court have personal jurisdiction over the parties flows from the Due Process Clause of the Fourteenth Amendment. *Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (quotations omitted). To this end, Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a copy of the summons and complaint. Fed.R.Civ.P. 4(c)(1). Rule 4 provides that the Court must dismiss an action if service is not made within 90 days after the complaint is filed unless Plaintiff can show good cause for the failure. Fed.R.Civ.P. 4(m). In this case the Court extended additional time to Plaintiff to serve Defendant. Plaintiff did not mail the Complaint and Summons upon Defendant until February 17, 2026. Thus, there was no attempt by Plaintiff to make any service upon the Defendant until after the date provided in the Order which is clearly

not proper service, and Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

## PROPOSITION III.

### PLAINTIFF'S COMPLAINT FAILS TO MEET THE PLEADING STANDARDS OF *BELL ATLANTIC CORP. V. TWOMBLY*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that the "'plain statement' possess enough left to 'sho[w] that the pleader is entitled to relief'." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do. *Id.* at 555.

The Plaintiff provides a set of alleged facts involving the Oklahoma County Detention Center ("OCDC"). [Doc. 1 at p. 7-8]. Plaintiff's allegations fail to identify a policy, practice, or custom of the Board of County Commissioners of Oklahoma County ("BOCC") which caused Plaintiff's injury as required by *Monell. Monell v. New York City Dept. of Social Serv.,* 436 U.S. 658 (1978).

In order to impose municipal liability on behalf of the BOCC, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* at 694. If

an official policy cannot be identified, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Likewise, a policy or custom may include "the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." *Bryson v. City of Okla. City*, 627 F. 3d 784, 788 (10th Cir. 2010). The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. *Id.* at 789. Regardless of the type of policy or custom relied upon, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown* at 404.

In the case at hand, Plaintiff's Complaint has not identified an official policy in which it relies. Although Plaintiff provided a list of alleged injuries, none of the injuries involve the deliberate actions of the BOCC nor do they suggest any practice or custom of the BOCC which directly caused Plaintiff's injuries. Without the ability to identify a policy or custom of the BOCC which was the driving force behind Plaintiff's injuries Plaintiff's Complaint should be dismissed. Additionally, Plaintiff has failed to provide any facts that would suggest that this alleged occurrence placed BOCC on notice that any of its actions

or inactions would be substantially certain to result in a constitutional violation. Plaintiff's Complaint fails to show any deliberate indifference on behalf of BOCC, nor has Plaintiff's Complaint alleged any facts which make a causal link between BOCC's policy or custom and Plaintiff's injuries. As such, it should be dismissed as a matter of law.

"Without some factual allegation in the complaint, it is hard not to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly* at 597 n.3. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Here, Plaintiff's Complaint has fallen short of the pleading requirements, as it fails to present factual allegations sufficient to raise a right to relief. Accordingly, Plaintiff's claims should be dismissed for failure to state a plausible claim under Rule 8.

## PROPOSITION IV

### THE BOCC IS NAMED EVEN THOUGH THE BOCC HAD NO AUTHORITY TO ACT

The Oklahoma constitution creates counties to be bodies corporate and politic. Okla. Const. art. 17, § 1. Counties are involuntary, subordinate political subdivisions of the State. *Johnson v Conner*, 236 P.2d 9877, 989 (Okla. 1951). A political subdivision exists only to aid in the administration of governmental affairs and has no inherent powers of its own. *Id.* Rather, a political subdivision derives its power solely from the State; "all of the powers entrusted to it are the powers of the sovereignty which created it." *Id*. Because counties have no inherent sovereign power, they "possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided

by law." *Tulsa Exposition & Fair Corp. v Bd. Of Cnty. Comm'rs*, 468 P.2d 501, 507-08 (Okla. 1970). As recognized by the Oklahoma Supreme Court, it is within the power of the Legislature "to define the duties among the several county officers and to regulate county governmental affairs." *Id.*, at 509. Thus, it is often stated that public officers possess only such power as is expressly granted to them by law and that which is necessarily incidental to carry out express authority. *Id.*, at 507-09; *Oklahoma Pub. Emp. Ass'n v Oklahoma Dep't of Cent. Serv.*, 55 P.3d 1072, 1084 (Okla 2002).

As provided by the Oklahoma Constitution and statutes, county functions are spread among eight elected officials: a Court Clerk, a County Clerk, a Sheriff, a Treasurer, a County Assessor, and three County Commissioners who together comprise the Board of County Commissioners.[2] Okla. Const. Art. 17, § 2; 19 O.S. § 3; 68 O.S. § 2814. Each of these officials have their own realm of statutory authority outside of which they cannot act. As constitutionally independent officers, no one official exercises supervising authority over another. Okla. Const. Art. 17, § 2. This is true of the BOCC as well. The BOCC does not act in a supervisory capacity over other elected county officers. *See Jantzen v Hawkins,* 188 F. 3d 1247, 1259 (10th Cir. 1999) (noting that a county Sheriff neither reports to nor is controlled by a Board of County Commissioners).

Given the limited sovereign authority vested in counties and county officials by the Legislature, in an action it is crucial for the plaintiff to identify which official exercises

---

[2] The offices of County Judge, County Attorney, Registrar of Deeds, County Surveyor, and County Superintendent of Public Instruction created within the Oklahoma Constitution have all been abolished by the Legislature. 19 O.S. §§ 215.19, 225, 570; 20 O.S. § 91.1; 70 O.S. § 4-101.

policy making authority in the area out of which his complaint arises. Plaintiff must establish that alleged injury was fairly traceable to conduct of the BOCC and not some other actor. While Plaintiff's Complaint alleges some responsibility for the Oklahoma County Detention Center, contrary to Plaintiff's bare-bone assertion, the BOCC has never had authority to act in operating the Oklahoma County Detention Center. *See* 19 O.S. § 339. If the BOCC has no authority to act, no injury of Plaintiff can be shown to be traceable to the policies, acts or omissions of BOCC. Therefore, Plaintiff's complaint against BOCC must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice without leave to amend.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

 /s/ Yolanda Downing
Yolanda Downing, OBA#18934
Assistant District Attorney
Leadership Square
211 N. Robinson, Suite 700 N
Oklahoma City, OK  73102
Telephone:  (405) 713-1600
Facsimile:  (405) 235-1567
yolanda.downing@oklahomacounty.org

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2026, I electronically transmitted the attached document to the Clerk of the Courts using the Electronic Case Filing System for filing and mailed. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the EFC System.

I further certify that on the same date, I served the attached document by U.S. first class mail, postage prepaid, on the following:

Darryl L. Fitzhugh
14 NE 67 St.
Oklahoma City, OK  73105
Plaintiff Pro Se

/s/ Yolanda Downing