## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRYLL. FITZHUGH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. CIV-25-01114-JD** |
| | ) | |
| OKLAHOMA CITY POLICE | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT OKLAHOMA CITY POLICE DEPARTMENT'S MOTION TO DISMISS

Defendant Oklahoma City Police Department ("Defendant" or "OCPD"), by and through its counsel of record, respectfully moves this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6) for failure to state a claim upon which relief can be granted. [1] In support of this motion, Defendant OCPD states as follows:

## BRIEF IN SUPPORT
## STATEMENT OF THE CASE

This is presumably a civil rights action filed by a Pro Se litigant against the Oklahoma City Police Department in relation to the allegation that "Oklahoma City police singlehandedly destroyed my business in the early 2000's and are now using the other defendants to attack my basic way of living and threatening my life." [Doc. 1, page 6,

---

[1] This motion is based on undersigned counsel's best understanding of the *pro se* Plaintiff's Pleadings, which are presented in an unconventional format and handwritten lengthy pages, Plaintiff's "Complaint for a Civil Case" [Doc. 1]. Should this Court determine Plaintiff's Pleading asserts a claim(s) and/or seeks relief based on a claim not addressed, Defendant would respectfully request the opportunity to address same.

paragraph III. Statement of Claim]. This Complaint is based on 28 U.S.C. § 1332 Diversity of Citizenship. Plaintiff requests damages for the business he could have had if they hadn't destroyed my lab in the early 2000's. [Doc. 1, page 6, paragraph IV. Relief]. While Plaintiff's specific allegations are difficult to discern, Plaintiff generally alleges that he was somehow robbed of his business in the early 2000's, and that after he was released from prison, he attempted to give documents or items to the OCPD White Collar Crimes unit for some type of investigation. [Doc. 1, pages 8, 9, 10, and 12].[2]

The Oklahoma City Police Department is not an entity which has the capacity to be sued. As such, this action is subject to dismissal for failure to state a claim. Additionally, Plaintiff failed to serve Defendant OCPD with the Complaint within 90 days, as required by Federal Rules of Civil Procedure. Even though this Court gave Plaintiff more time to serve all defendants [Doc. 28], Plaintiff failed to serve Defendant OCPD within this additional time and therefore Plaintiff's Complaint against OCPD should be dismissed.

## ARGUMENT AND AUTHORITY

### PROPOSITION I:

### The Oklahoma City Police Department is not a proper party.

Plaintiff names the Oklahoma City Police Department as a defendant in this action. However, the OCPD is not a legal entity subject to suit. As such, the OCPD is not a proper party to this action and Plaintiff's claims against it are subject to dismissal for failure to state a claim.

---

[2] Plaintiff's Pleadings utilize internal pagination that does not match the page numbers assigned by the ECF system. For ease of reference, all page numbers referenced in this Brief refer to the pages assigned by the ECF system.

Under Oklahoma law, the OCPD does not enjoy a separate legal existence from the City of Oklahoma City.  Defining those governmental entities that may bear liability under the Oklahoma Governmental Tort Claims Act ("GTCA"), the statute defines "political subdivision" to include a municipality. Okla. Stat. tit. 51, §152(11)(a).  In § 152(10), the GTCA defines "municipality" as "any incorporated city or town, and ***all institutions, agencies or instrumentalities of a municipality***."  (emphasis added). An "agency" is defined as "any board, commission, committee, department or other instrumentality or entity designated to act on behalf of the state or a political subdivision." 51 O.S. § 152(2). The OCPD is an agency or department within the City of Oklahoma City.  It is not a separate legal entity and therefore lacks the capacity to be sued.

Furthermore, Title 12, § 2017(B) of the Oklahoma Statutes states that "any person, corporation, partnership, or unincorporated association shall have capacity to sue or be sued in this state."  Title 11, § 22-101 of the Oklahoma Statutes provided that "[a]ll incorporated municipalities shall be bodies corporate and politic, and shall have the powers to:  1.  Sue and be sued; . . ."  Art. 34 of Title 11 is entitled "Police Departments" and nowhere in this Article does it authorize a police department to sue or be sued.  In fact, 11 O.S. § 34-104 describes how a city may lawfully dispose of property coming into the possession of "the chief of police."  This statute requires the Chief of Police, not the police department, to file an action to have a District Court authorize the disposition of the property.  11 O.S. § 34-104(B)-(H).  The OCPD is not a person, corporation, partnership, or unincorporated association and is therefore not a suable entity.

Courts have consistently ruled that a public office or department, such as a police

3

department, is not a separate legal entity subject to suit. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (holding that the New York City Police Department is not a suable entity in this § 1983 and state law case); *Wagner v. Washington County*, 493 F.3d 833, 835 (7th Cir. 2007) (holding that in this § 1983 action, the sheriff's department of Washington County, Wisconsin, is a division of the county, and not a justiciable entity); *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (holding that a sheriff's office is not a legal entity separable from the county government which it serves); *West By & Through Norris v. Waymire*, 114 F.3d 646, 646- 47 (7th Cir. 1997) (police department is not a separate suable entity from a town under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1989) (county sheriff's office is not a legal entity and is not subject to suit or liability under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's office is not subject to suit); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *modified in part on rehearing*, 778 F.2d 553 (10th Cir. 1985), *overruled on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (Denver Police Department was not subject to suit; rather, the City of Denver was the proper defendant in a § 1983 action);

Accordingly, the OCPD is not a proper party to this action and all claims against it should be dismissed for failure to state a claim under Fed. R. Civ. P .12(b)(6).

## PROPOSITION II:

### Plaintiff's Complaint Must be Dismissed for Plaintiff's Improper Service of Summons

Plaintiff filed his Complaint [Doc. 1] on September 25, 2025, and named Defendant

4

Oklahoma City Police as well as several other defendants in his lawsuit. On January 16, 2026, the Court entered an Order [Doc. 28] requiring Plaintiff to serve all defendants by February 17, 2026.

Plaintiff mailed his Summons and Complaint to the Oklahoma City Police Department on February 17, 2026 via certified mail. This was received by the OCPD on February 19, 2026. See USPS tracking number plus envelope, attached as Exhibit 1. Therefore, as Plaintiff did not serve Defendant OCPD by the court's February 17, 2026 deadline, this lawsuit against Defendant OCPD requires dismissal.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Fed.R.Civ.P.4(c)(1) requires dismissal of an action if service is not made within 90 days after the complaint is filed unless a plaintiff can show good cause for the failure.

This Court granted Plaintiff additional time to serve defendants, including Defendant OCPD, until February 17, 2026. Plaintiff did not even mail the Summons and Complaint until February 17, 2026, therefore it was not served upon Defendant OCPD until February 19, 2026, which was not in compliance with this Court's January 16, 2026 Order [Doc. 28]. Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiff has named the Oklahoma City Police Department as defendant to this action.  However, the OCPD is not a legal entity with the capacity to be sued under Oklahoma law.  Moreover, even if the OCPD was a proper defendant to this action, Plaintiff failed to timely serve OCPD as required by this Court's Order of January 16, 2026 [Doc. 28].  Therefore, Defendant OCPD respectfully requests this Court grants its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head

/s/ Sherri R. Katz
Sherri R. Katz, OBA #14551
Katie Goff, OBA #32402
Assistant Municipal Counselor
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
 (405) 297-2451
sherri.katz@okc.gov
katie.goff@okc.gov

*Attorneys for Defendant Oklahoma City Police Department*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of March 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the ECF registrants on file herein. Additionally, a physical copy has been mailed to:

Darryl L. Fitzhugh
14 NE 67th Street
Oklahoma City, OK 73105
Plaintiff Pro Se

/s/ Sherri R. Katz
Assistant Municipal Counselor

7